UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. SANDERS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TIM VIRGA, Warden,<br><br>　　　　　Respondent. | ) Case No. CV 10-0167 GAF (JCG)<br>)<br>)<br>) **ORDER ADOPTING FINDINGS,**<br>) **CONCLUSIONS AND**<br>) **RECOMMENDATIONS OF UNITED**<br>) **STATES MAGISTRATE JUDGE**<br>)<br>)<br>)<br>) |

## I.

## INTRODUCTION AND SUMMARY

On December 17, 2009, petitioner Steven L. Sanders ("Petitioner"), a California prisoner incarcerated at California State Prison, Sacramento and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

On March 11, 2010, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition to the Motion.

On August 27, 2010, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that Respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (*See* R&R at 2,

11.) On November 5, 2010, Petitioner filed Objections to the R&R ("Objections"). In his Objections, Petitioner asserts that he "filed his opposition to the respondent[']s motion to dismiss . . . which apparently the court never received." (Objs. at 2.)

In any event, Petitioner argues that his Petition is timely because:

(1) Petitioner "did not know the legal basis for the arguments prior to September 18, 2008," (Objs. at 3-4);

(2) Petitioner "is entitled to gap tolling for the 80 days between the denial of the habeas petition on October 10, 2008 in the superior court of Los Angeles and the December 29, 2008 filing for motion to reconsider in the same court," (*id.* at 5); and

(3) Petitioner is entitled to equitable tolling because "petitioner was in ad/seg from April 24, 2008 through August 4, 2008" and "was also stripped of all property, including legal work, from August 4, 2008 through November 3rd 2008 when all property except [for his] writ of habeas corpus he was working on were taken as part of a disciplinary guilt finding." (*Id.* at 5-6.)

Now, having conducted a *de novo* review, including studying the Motion, the R&R, and the Objections, the Court is persuaded that the Petition is untimely. This Court, therefore, adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## II.
## DISCUSSION AND ANALYSIS

A. <u>The Starting Date of the Limitation Period Is the Date on which Petitioner's Judgment Became Final</u>

Petitioner argues that his "limitation period should run from September 18, 2008 the date which petitioner became aware of the factual predicate of the claim." (Objs. at 3-4.) Petitioner maintains that his "direct appeal became final May 13, 2008 and [he] did not receive his transcripts, reports, etc. from appellate counsel until March 8, 2008." (*Id.* at 4.) Petitioner contends that he "then began going through his transcripts and asking others for help[ and] attempted to access the law

library but" only had limited access to legal reference materials and a computer due to his "education/work assignment" and the library's "capacity." (*Id.*)

Petitioner's argument, however, is unpersuasive. Under 28 U.S.C. § 2244(d)(1)(D), AEDPA's one year statute of limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is not necessary for a petitioner to understand the legal significance of the facts to trigger the limitation period, but rather, a petitioner must only know or be aware of the facts that support the claim. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."); *accord Williams v. Knowles*, 2006 WL 845734, at *5 (E.D. Cal. 2006). Petitioner does not contest that he knew or was aware of the factual predicate to his claims when his conviction became final. Instead, Petitioner only argues that he did not understand the legal significance of the claims until he had time to "go[] through his transcripts and ask[] others for help" and was delayed due to his inability to access the law library. (Objs. at 4.) Therefore, the limitation period is the typical one and runs from the date Petitioner's conviction became final on May 13, 2008. (*See* R&R at 5-6.)

B. <u>Petitioner is Not Entitled to Gap Tolling Between the Superior Court's Denial of his First Habeas Petition and the Filing of his Reconsideration Motion</u>

Petitioner argues that he "is entitled to gap tolling for the 80 days between the denial of the habeas petition on October 10, 2008 in the superior court of Los Angeles and the December 29, 2008 filing for motion to reconsider in the same court[] . . . [d]ue to the failure of [the prison] to allow petitioner access, opportunity and ability to access [the cases listed in the Superior Court's denial of his habeas petition and the] lack of computer availability and no books at all other than rules of court and penal code." (Objs. at 5.)

3

1    For the reasons stated in the R&R, (*see* R&R at 8), the Court agrees that
Petitioner is not entitled to statutory tolling for the 80-day gap between the Superior
Court's October 10, 2008 denial of his first habeas petition and the filing of his
reconsideration motion on December 29, 2008.  *See Livermore v. Watson*, 556 F.
Supp. 2d 1112, 1117 (E.D. Cal. 2008) (78-day delay unreasonable).  Further, the
only explanation Petitioner proffers for the delay – his difficulty in accessing the
cases cited by the Superior Court – is a common hurdle faced by most petitioners
and cannot reasonably justify such a lengthy delay for statutory gap tolling purposes.
*Evans v. Chavis*, 546 U.S. 189, 201 (2006) (lack of legal or procedural knowledge or
limited but available access to the law library are insufficient justifications for
statutory gap tolling purposes).

   C. <u>Petitioner Is Not Entitled to Equitable Tolling</u>

   Petitioner contends that he is entitled to equitable tolling because: (1)
"petitioner was in ad/seg from April 24, 2008 through August 4, 2008"; and (2) he
"was also stripped of all property, including legal work, from August 4, 2008
through November 3rd 2008 when all property except writ of habeas corpus he was
working on were taken as part of a disciplinary guilt finding."  (Objs. at 5-6.)

   First, as courts routinely recognize, placement in administrative segregation
and/or lack of access to legal materials do not generally constitute extraordinary
circumstances that warrant the granting of equitable tolling. "In general, the
difficulties attendant on prison life, such as transfers between facilities, solitary
confinement, lockdowns, restricted access to the law library, and an inability to
secure court documents, do not by themselves qualify as extraordinary
circumstances."  *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005);
*see also Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers
between prison facilities, solitary confinement, lockdowns, restricted access to the
law library and an inability to secure court documents do not qualify as
extraordinary circumstances.").

4

Second, Petitioner has failed to show or otherwise explain how being housed in administrative segregation and the lack of access to his legal materials made it impossible for him to timely file a federal habeas petition. *See Lott v. Mueller*, 304 F.3d 918, 923-25 (9th Cir. 2002) (denial of access to legal property does not automatically qualify as grounds for equitable tolling; instead, the court's decision granting equitable tolling was based on the "peculiar" and "unusual" facts presented); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001, *as amended* Dec. 3, 2001), *cert. denied*, 535 U.S. 1055 (2002) (lack of access to library materials does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-specific"); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*) (*per curiam*) (denial of access to law library materials does not automatically qualify as grounds for equitable tolling, as inquiry is "highly fact-dependent").

For example, Petitioner does not reference any document in his legal materials that is crucial to his claims. Indeed, given that the seven claims in the instant Petition are identical to the claims Petitioner raised in his direct appeal to the California Court of Appeal, his petition for review in the California Supreme Court, and his habeas petition in the California Supreme Court (*compare* Pet. at 5-7 *with* Lodg. Nos. 2, 12, 18), it is clear that Petitioner did not require his legal property to file the instant Petition. *See Williams v. Sheperd*, 2005 WL 1837133, at *3, *report & recommendation adopted by* 2005 WL 2400934 (E.D. Cal. 2005), *aff'd*, 238 Fed.Appx. 260 (9th Cir.), *cert. denied*, 552 U.S. 995 (2007) (where "the claims petitioner present[ed] in his federal habeas [petition] [were] based on facts that petitioner was aware of[,]" "petitioner did not need the entire state court record to assert his federal habeas claims[,]" and he failed to meet "his burden of demonstrating that without his entire case file, he was unable to proceed with seeking post-conviction relief[]"); *see also United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Surely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings.").

5

1          Third, Petitioner's placement in administrative segregation and the subsequent
2 lack of access to his legal property were not the "but-for" cause of his untimeliness.
3 *See Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001), *rev'd on other grounds*, 295
4 F.3d 1046 (9th Cir. 2002) (*en banc*).  Petitioner had access to his files for 369 days
5 after his stint in administrative segregation ended and prison officials returned his
6 property on November 4, 2008 and before his limitation period expired on
7 November 8, 2009.  Thus, Petitioner fails to demonstrate that administrative
8 segregation and a lack of access to his legal materials were the cause of his late
9 filing.  *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring "causal
10 connection" between the alleged extraordinary circumstance and the failure to file a
11 timely petition).

12          Finally, the reason Petitioner was "stripped of all property, including legal
13 work, from August 4, 2008 through November 3rd 2008 . . . except [for his] writ of
14 habeas corpus he was working on" was because of a "disciplinary guilt finding."
15 (*See* Objs. at 6.)  As such, his inability to access his legal property was not due to
16 circumstances that were either extraordinary or beyond his control.  *See Portillo v.*
17 *Gonzalez*, 2010 WL 273073, at *3 (C.D. Cal. 2010) (disciplinary segregation and the
18 suspension of privileges as a result of petitioner's own unlawful behavior while
19 incarcerated does not constitute extraordinary circumstances warranting equitable
20 tolling).

21          Petitioner's placement in administrative segregation and his inability to access
22 legal materials for a limited period of time did not make it impossible for him to file
23 a timely petition.  The most Petitioner musters is his own unlawful behavior and the
24 common impediments incidental to prison life.  Therefore, Petitioner has not met the
25 "very high threshold" of establishing the existence of extraordinary circumstances
26 beyond his control *and* that those extraordinary circumstances were the cause of his
27 untimeliness.  *Battles*, 362 F.3d at 1197; *Laws v. Lamarque*, 351 F.3d 919, 922 (9th
28 Cir. 2003).

## III.
## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: November 30, 2010

_____
HON. GARY A. FEESS
UNITED STATES DISTRICT JUDGE